VITO STOLFO AND FLORENCE STOLFO, PLAINTIFFS v. RUBY KERNODLE AND HAROLD KERNODLE, DEFENDANTS

No. COA94-360

(Filed 18 April 1995)

**Unfair Competition or Trade Practices § 12 (NCI4th)— residential rentals—in or affecting commerce—unfair trade practice**

A landlord's rental of residential property is "in or affecting commerce," and the landlord thus may be liable under N.C.G.S. § 75-1.1 for an unfair trade practice even though the landlord rents only two properties (a house and a trailer space).

**Am Jur 2d, Consumer and Borrower Protection § 291; Monopolies, Restraints of Trade, and Unfair Business Practices § 735.**

**Landlord's fraud, deceptive trade practices, and the like, in connection with mobile home owner's lease or rental of landsite. 39 ALR4th 859.**

**Coverage of leases under state consumer protection statutes. 89 ALR4th 854.**

Appeal by plaintiffs from judgment entered 20 January 1994 by Judge Spencer B. Ennis in Alamance County District Court. Heard in the Court of Appeals 31 January 1995.

Plaintiffs filed a complaint against defendants alleging breach of an implied warranty of habitability and unfair or deceptive trade practices. The trial court granted defendants' motion for partial summary

**STOLFO v. KERNODLE**

[118 N.C. App. 580 (1995)]

judgment on the issue of unfair or deceptive trade practices and certified that there was no just reason to delay appeal. From this judgment plaintiffs appeal.

*Civil Legal Assistance Clinic, University of North Carolina, by Walter H. Bennett, Jr.; and North State Legal Services, by Carlene McNulty, for plaintiff-appellants.*

*Latham, Wood, Hawkins & Whited, by James F. Latham, for defendant-appellees.*

McGEE, Judge.

The plaintiffs present two issues on appeal: (1) whether a landlord renting limited residential properties operates in or affects commerce as a matter of law; and (2) if there is a genuine issue of material fact as to whether the defendants in this case were operating in or affecting commerce. This case is resolved by our decision under the first issue and we need not address the second issue. For the reasons stated below, we reverse.

Defendant Ruby Kernodle owns a house in Elon College, North Carolina that she has rented to three different families since 1987. Her tenants included the plaintiffs, who rented from February 1988 until October 1991. She also owns a trailer space she leases out by the month. Her son, defendant Harold Kernodle, collected and retained all rent payments from the plaintiffs, made repairs on the property, and dealt with plaintiffs on his mother's behalf. Aside from these duties, he has had no further involvement with rental properties, except that he once leased out his former home.

The Kernodles argue that under these facts, they do not operate in or affect commerce as a matter of law, and therefore cannot be liable under N.C. Gen. Stat. § 75-1.1 (1994) for unfair or deceptive trade practices. We disagree.

In *Love v. Pressley*, 34 N.C. App. 503, 239 S.E.2d 574 (1977) *cert. denied*, 294 N.C. 441, 241 S.E.2d 843 (1978), this Court held that "for purposes of G.S. 75-1.1, a lease is a sale of an interest in real estate. . . . Thus we hold that the rental of residential housing is 'trade or commerce' under G.S. 75-1.1." *Love* at 516, 239 S.E.2d at 583. In a later case, this Court held:

where a tenant's evidence establishes the residential rental premises were unfit for human habitation and the landlord was

STOLFO v. KERNODLE

[118 N.C. App. 580 (1995)]

aware of needed repairs but failed to honor his promises to correct the deficiencies and continued to demand rent, then such evidence would support a factual finding by the jury that the landlord committed an unfair or deceptive trade practice.

*Foy v. Spinks*, 105 N.C. App. 534, 540, 414 S.E.2d 87, 89-90 (1992).

In *Stanley v. Moore*, 113 N.C. App. 523, 439 S.E.2d 250 (1994), *rev'd on other grounds*, 114PA94 (N.C. Supreme Court March 3, 1995), this Court stated: "[I]t is clear that in North Carolina a landlord may be held liable pursuant to G.S. § 75-1.1 *et. seq.*, for merely failing to maintain a rental unit in fit condition." *Stanley* at 527, 439 S.E.2d at 252. In *Stanley*, defendant's mother entered into a lease with the plaintiffs for rental of defendant's mobile home while defendant lived out of state. Upon his return, defendant constructively evicted plaintiffs from the mobile home by shutting off their electricity and water. Even though there was no indication in the opinion that the defendant maintained any other rental property, this Court held the defendant would be liable under G.S. 75-1.1 but for the fact the eviction statute, by its terms, provided plaintiffs' sole remedy. *Stanley* at 526, 439 S.E.2d at 252. Our Supreme Court later reversed on other grounds, holding that the eviction statute was not plaintiffs' sole remedy and did not prevent plaintiffs from recovering under G.S. 75-1.1. *Stanley v. Moore*, 114PA94 (N.C. Supreme Court March 3, 1995).

The only two statutory exceptions to the application of G.S. 75-1.1 are for: (1) members of learned professions providing professional services, and (2) third-party providers of advertising who have *no knowledge of the falsity of an advertisement and no financial interest in the product advertised.* N.C. Gen. Stat. § 75-1.1(b)-(c) (1994). This Court acknowledged an additional exception for a private homeowner selling his or her personal residence in *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979).

Our Supreme Court decided in *Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440 (1991), that in order to avoid liability under G.S. 75-1.1, a defendant must fit under one of the statutory exemptions or the "homeowner's exception" recognized by this Court. While declining to decide if a "homeowner's exception" actually exists, our Supreme Court held that if it did exist, it did not apply to the defendant because there was no showing that the property he sold was his personal residence. *Bhatti* at 245-6, 400 S.E.2d at 443-4.

STOLFO v. KERNODLE

[118 N.C. App. 580 (1995)]

Under *Bhatti*, a party claiming to be exempt from the provisions of G.S. 75-1.1 has the burden of proving the party fits within a recognized exception. *Bhatti* at 244, 400 S.E.2d at 443. G.S. 75-1.1(d) states: "Any party claiming to be exempt from the provisions of this section shall have the burden of proof with respect to such claim." The Kernodles did not meet this burden. They do not fit under either statutory exception and they are not selling their personal residence. Their actions are subject to G.S. 75-1.1.

While the defendants argue it would be inequitable to apply G.S. 75-1.1 to a landlord operating on a small-scale, the language and purpose of the statute require that we rule otherwise. The statute itself states that " 'commerce' includes *all* business activities, *however denominated.*" G.S. 75-1.1(b) (emphasis added). As this Court held in *United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 339 S.E.2d 90 (1986), "[t]he purpose of G.S. 75-1.1 is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public in this State and [it] *applies to dealings between buyers and sellers at all levels of commerce.*" *United Virginia Bank* at 319-20, 339 S.E.2d at 93 (emphasis added).

Given the broad consumer protection intent of the statute, combined with case law and the General Assembly's inclusive definition of the term "commerce," we hold that the Kernodles' rental of residential property is "in or affecting commerce." Therefore, they can be liable under G.S. 75-1.1 if at trial they are shown to have committed unfair or deceptive trade practices. The trial court's grant of partial summary judgment in favor of the defendants on the issue of liability under G.S. 75-1.1 is reversed; the case is remanded for trial.

Reversed and remanded.

Judges EAGLES and WALKER concur.