ELEANOR S. MacFADDEN, Plaintiff v. DOROTHEA S. LOUF, HOME INSPECTION
SERVICES OF NEW BERN, INC., and JOHN G. AUDILET, Defendants

No. COA06-647

(Filed 17 April 2007)

**1. Unfair Trade Practices— sale of private residence—not in commerce**

The trial court did not err by granting summary judgment for defendant on an unfair and deceptive trade practice claim arising from the sale of defendant's private residence. Defendant was not engaged in commerce.

**2. Fraud— sale of residence—no reasonable reliance— buyer's own inspection**

The trial judge did not err by granting summary judgment for defendant on claims for fraud and negligent misrepresentation arising from the sale of a house. Plaintiff did not show reasonable reliance: she conducted a home inspection that put her on notice of potential problems and any reliance on other documents would not have been reasonable. Moreover, she did not produce evidence of an allegedly false roof report beyond her own uncorroborated statement.

Appeal by plaintiff from judgment entered 24 October 2005 by Judge Benjamin G. Alford in Superior Court, Craven County. Heard in the Court of Appeals 6 March 2007.

*Harvell and Collins, P.A., by Wesley A. Collins and Amy C. Shea, for Plaintiff-appellant.*

*Harris, Creech, Ward and Blackerby, P.A., by Thomas M. Ward, Charles E. Simpson, Jr., and Jay C. Salsman, for Defendant-appellee.*

WYNN, Judge.

In this matter, home buyer, Eleanor S. MacFadden (Plaintiff) brought an action against the home seller, Dorothea S. Louf (Defendant), for alleged undisclosed defects in the property.[1] After con-

1. Plaintiff brought the initial action on 22 April 2004 but twice amended her complaint, with the permission of the trial court, on 8 August 2005 and 8 September 2005. Additionally, she voluntarily dismissed her claims against Defendants, Home Inspection Services of New Bern, Inc. and John G. Audilet.

MacFADDEN v. LOUF

[182 N.C. App. 745 (2007)]

sidering the pleadings and evidence presented by the parties, the trial court granted summary judgment in favor of Defendant. Plaintiff appeals, contending the trial court erred by granting summary judgment on her claims for (I) unfair and deceptive trade practices, and (II) fraud and negligent misrepresentation. We affirm and will present additional relevant facts in our discussion of these issues.

On appeal, we acknowledge that in ruling on a motion for summary judgment, a trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. *Singleton v. Stewart*, 280 N.C. App. 460, 464, 186 S.E.2d 400, 403 (1972). Thus, we review summary judgments to determine if there was a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law.

I.

[1] Plaintiff first argues that the trial court erred by granting summary judgment on her claim for unfair and deceptive trade practices. We disagree because the record shows that in selling her private residence, Defendant was not engaged in commerce.

Under section 75-1.1 of the North Carolina General Statutes, "unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1 (2005). Thus, to prevail on a cause of action for unfair and deceptive trade practices, a plaintiff must show that the matter was in or affecting commerce.

It is well established in North Carolina that ". . . private homeowners selling their private residences are not subject to unfair and deceptive practice liability." *Davis v. Sellers*, 115 N.C. App. 1, 7, 443 S.E.2d 879, 883 (1994); *see also Stolfo v. Kernodle*, 118 N.C. App. 580, 455 S.E.2d 869 (1995); *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988); *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979). Here, the undisputed evidence shows that the house sold to Plaintiff was Defendant's private residence.

Nonetheless, Plaintiff contends that under *Bhatti v. Buckland*, the "homeowner exception" to unfair and deceptive practice liability does not apply to Defendant because she "has purchased four homes, rented one and resold three." However, in *Bhatti*, the Court found that the defendant had failed to establish that he was a "private party engaged in the sale of a residence." *Bhatti v. Buckland*, 328 N.C. 240, 246, 400 S.E.2d 440, 444 (1991) (internal quotations and citations omitted). Indeed, the Court in *Bhatti* found that,

[s]o far as the record here reveals, the transaction at issue was indisputably a commercial land transaction that affected commerce in the broad sense. Defendant's advertising of this property explicitly appealed to "Investors [and] Speculators" as well as "Homeseekers." The more probable inference from this evidence is that the sale was not of residential property. This probability is further advanced by defendant's assertion in his counterclaim that plaintiff's failure to pay "the agreed upon Purchase Price" required defendant "to sell his home." This pleading does nothing to advance the proposition that defendant was selling residential property, but suggests instead that his residence and property sold were discrete entities.

*Id.* at 246, 400 S.E.2d at 444.

In contrast, the evidence here shows indisputably that Defendant was a private party engaged in the sale of her residence. Nothing in the record suggests that this was a commercial land transaction of the type in *Bhatti*. Accordingly, we hold that the trial court properly granted summary judgment for Defendant on the claim of unfair and deceptive trade practices.

II.

**[2]** We likewise reject Plaintiff's contentions that the trial court erred by granting summary judgment for Defendant on the claim of fraud because the evidence fails to show "reasonable reliance" by Plaintiff.

In *RD & J Props.*, this Court restated the elements for a fraud cause of action:

The essential elements of actionable fraud are: (1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Additionally, plaintiff's reliance on any misrepresentations must be reasonable.

*RD & J Props. v. Lauralea-Dilton Enters., LLC.*, 165 N.C. App 737, 744, 600 S.E.2d 492, 498 (2004) (internal quotations and citations omitted). Moreover, this Court held,

With respect to the purchase of property, "[r]eliance is not reasonable if a plaintiff fails to make any independent investigation" unless the plaintiff can demonstrate: (1) "it was denied the oppor-

tunity to investigate the property," (2) it "could not discover the truth about the property's condition by exercise of reasonable diligence," or (3) "it was induced to forego additional investigation by the defendant's misrepresentations."

*Id.* at 746, 600 S.E.2d at 499 (*quoting State Properties, LLC., v. Ray*, 155 N.C. App. 65, 73, 574 S.E.2d 180, 186 (2002), disc. review denied, 356 N.C. 694, 577 S.E.2d 889 (2003)).

"In an arm's-length transaction, when a purchaser of property has the opportunity to exercise reasonable diligence and fails to do so, the element of reasonable reliance is lacking and the purchaser has no action for fraud." *Id.* at 746, 600 S.E.2d at 499 (*citing Calloway v. Wyatt*, 246 N.C. 129, 134, 97 S.E.2d 881, 885-86 (1957)). "While the reasonableness of a party's reliance is usually a question for the jury, a court may grant summary judgment when the facts are so clear that they support only one conclusion." *Id.* (*citing State Properties*, 155 N.C. App. at 73, 574 S.E.2d at 186).

Here, Plaintiff failed to establish that her reliance was justifiable because she conducted a home inspection before closing and that inspection report put her on notice of potential problems with the home. The inspection commissioned by Plaintiff instructed her to have a roofing contractor inspect the roof because there was potential for water to pond above the kitchen/breeze-way area. Additionally, the report noted water staining to the chimneys from the attic area; previous water leakage at the rear porch; gutters were rusted, leaked, damaged and not functional; sagging, deflection, and general unevenness was observed at various portions of the floor system; exterior wood siding and trim exhibited some general peeling paint; some of the doors were out of level; the foundation was supported by wood girders and mental house jacks below the first right foyer and below the rear kitchen floor system; there was evidence of previous moisture/pest infestation at several floor system locations when viewed from the crawl space; and water penetration was expected into the basement area and near exterior entry after periods of heavy rain.

Despite the findings of the home inspection report, Plaintiff argues that she relied on the Residential Disclosure Statement completed by Defendant; and a letter from Steve Bengal, of R.E. Bengal Sheet Metal Company, to Mr. John L. Hood Jr., a previous potential buyer which stated that there were no leaks in the home. Plaintiff contends that this letter was in a packet of documents at her

first viewing of the home. However, any reliance on these items would have been unreasonable in light of her own home inspection report which recommended that she have the roof evaluated by a roofing contractor and that she inquire or monitor the other problem areas.

Moreover, Plaintiff offered no evidence to show that the letter referencing no leaks existed, even though two other letters from Mr. Bengal to Mr. Hood were produced and these letters indicated that there were leaks in the roof. In order to explain the absence of this letter, Plaintiff argues that the missing letter was a forged document which was destroyed by Defendant. However, as pointed out earlier, even assuming *arguendo* that this letter did exist, Plaintiff could not have reasonably relied upon the letter in light of her own home inspection report outlining all of the problems with the home. Notwithstanding the recommendations of her own inspection report, Plaintiff elected to forego any further inquiry and consummated the contract.

In sum, the undisputed evidence shows that while Plaintiff contends that she was provided a "false roof report", she failed to introduce the alleged report or any evidence of it other than her own uncorroborated statements. Second, there is no evidence in the record to show that Defendant "took affirmative steps to mislead [Plaintiff]." Third, there is no evidence to support Plaintiff's contention that Defendant "induced her to forego further inquiry." To the contrary, the record shows Defendant recommended Plaintiff to make additional inspections of the property but she declined to do so. Indeed, a disclosure statement explicitly encouraged Ms. MacFadden to obtain an inspection stating that "it is not a substitute for any inspections they may wish to obtain" and the purchasers are "encouraged to obtain their own inspection from a licensed home inspector or other professional."

As we find the evidence fails to establish reasonable reliance, we uphold the trial court's grant of summary judgment on the claim of fraud. Likewise, because reliance is an element of negligent misrepresentation, we uphold the grant of summary judgment on that claim. *See Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 224, 513 S.E.2d 320, 327 (1999) (providing that the question of justifiable reliance in an action for negligent misrepresentation is "analogous to that of reasonable reliance in fraud actions") (internal quotation omitted); *Helms v. Holland*, 124 N.C. App. 629, 635, 478

S.E.2d 513, 517 (1996) (providing that "[j]ustifiable reliance is an essential element of both fraud and negligent misrepresentation.")

Affirmed.

Judges STEELMAN and JACKSON concur.