SANDRA BIRMINGHAM, PLAINTIFF v. H&H HOME CONSULTANTS AND DESIGNS, INC., RON HERMAN, JOAN K. EVERETT & COMPANY, T. EDWARDS, DANIEL G. BARNES & KATHERINE W. BARNES, DEFENDANTS

No. COA07-630

(Filed 1 April 2008)

**1. Unfair Trade Practices— sale of residence—not a business or commercial transaction**

The trial court did not err by granting the Barnes defendants' motion for partial summary judgment regarding an unfair and deceptive practices claim in an action arising from the sale of a

house. Private homeowners selling their residences are not subject to unfair and deceptive practice liability; neither the complaint nor the affidavits allege any facts showing that the Barnes defendants were engaged in a business or that this sale was a commercial land transaction that affected commerce.

## 2. Civil Procedure— partial summary judgment—before discovery complete

The trial court did not err by granting a partial summary judgment for the Barnes defendants in an action arising from the sale of a house where third-party defendants had been added and had not completed discovery. However, there was no evidence to show that any discovery from the third-party defendants would provide any information affecting the issue determined by the partial summary judgment.

## 3. Unfair Trade Practices— attorney fees—standard for determining—remand

The trial court used an incorrect standard in awarding attorney fees for an unfair and deceptive practices claim where the court found an unwarranted refusal to fully resolve the case rather than knowledge that the action was frivolous. The matter was remanded for additional findings and conclusions.

## 4. Appeal and Error— cross-assignment of error—different order

A cross-assignment of error was not proper where it concerned an order extending the time for service of the record on appeal rather than the order granting summary judgment from which plaintiff appealed.

Appeal by plaintiff from order entered 19 December 2006 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 28 November 2007.

*Law Offices of Matthew K. Rogers, PLLC, by Joseph M. Long, for plaintiff-appellant.*

*Young, Morphis, Bach & Taylor, LLP, by Thomas C. Morphis and Henry S. Morphis, for defendants-appellees.*

CALABRIA, Judge.

Sandra Birmingham ("plaintiff") appeals from the trial court's order granting partial summary judgment in favor of Katherine and

Daniel Barnes ("the Barnes defendants") and attorney's fees to the Barnes defendants. We affirm, but remand to the trial court for correction of the trial court's order awarding attorney's fees to the Barnes defendants.

In 2005, plaintiff and her daughter decided to move to North Carolina from California. T. Edwards ("Ms. Edwards") acted as plaintiff's real estate agent to assist plaintiff in purchasing a house in Hickory, North Carolina. In June of 2005, Ms. Edwards showed plaintiff a house for sale owned by the Barnes defendants. On 23 June 2005, plaintiff signed an Offer to Purchase and Contract ("Offer to Purchase"), agreeing to purchase 3755 11th St. NE in Hickory, North Carolina ("the house"). On 24 June 2005, the Barnes defendants accepted plaintiff's offer.

According to the Offer to Purchase, *inter alia*, plaintiff received a copy of the North Carolina Residential Property Disclosure Statement ("Disclosure Statement"), signed by the Barnes defendants in April 2005. On the Disclosure Statement, the Barnes defendants were asked to answer questions regarding the house. Specifically, they were asked, "do you know of any problem (malfunction or defect) with any of the following [questions]." On the first page of the Disclosure Statement, the instructions to the property owners explained, *inter alia*:

b. If you check "No", you are stating that you have no actual knowledge of any problem. If you check "No" and you know there is a problem, you may be liable for making an intentional misstatement.

c. If you check "No Representation", you have no duty to disclose the conditions or characteristics of the property, even if you should have known of them.

Although the Barnes defendants had the option of checking "No Representation" or "No," they checked "No" in response to every question except question #19, regarding homeowners' expenses or assessments. For this question, the Barnes defendants checked "Yes" and explained the homeowners' association dues were $40 per year.

After signing the Offer to Purchase, plaintiff returned to California and did not return to North Carolina until after the house closed. Before the closing, plaintiff hired H&H Home Consultants and Design, Inc. ("H&H") to inspect the property. H&H inspected the house and provided plaintiff a home inspection report ("the report").

After the closing on 27 July 2005, plaintiff moved from California to North Carolina.

After plaintiff moved into the house, plaintiff noticed problems with the house that had not been disclosed on the Disclosure Statement or identified in the report. Plaintiff attempted to have the Barnes defendants repair the defects after the closing, but only limited repairs were made. On 13 September 2006, plaintiff filed a complaint against the Barnes defendants; H&H; the owner of H&H, Ron Herman; Ms. Edwards; and the real estate agent who represented the Barnes defendants, Joan K. Everett & Company ("Ms. Everett"). Plaintiff's complaint alleged: (1) breach of contract against the Barnes defendants, H&H, and Ms. Edwards; (2) fraudulent and negligent misrepresentation against the Barnes defendants, H&H, and Ms. Everett; and (3) unfair and deceptive trade practices against all parties. Specifically, regarding the house's defects, plaintiff alleged the defects that were not repaired included, but were not limited to, *inter alia*: the front porch bricks separating and falling away from the porch and house; broken windows and structural problems with the greenhouse structure; the pool liner separated from edges of pool; the microwave oven did not work; and the invisible dog fencing did not work. Plaintiff alleged that several of the defects either should have been noticed and included in the report or disclosed on the Disclosure Statement.

The Barnes defendants answered plaintiff's complaint, pled affirmative defenses, and filed counterclaims against Ms. Edwards and Ms. Everett. On 20 November 2006, the Barnes defendants moved for partial summary judgment on the unfair and deceptive trade practices claim. On 19 December 2006, in Catawba County Superior Court, Judge Timothy S. Kincaid ("Judge Kincaid") granted the Barnes defendants' motion for partial summary judgment and dismissed plaintiff's unfair and deceptive trade practices claim against the Barnes defendants. Judge Kincaid also awarded attorney's fees to the Barnes defendants. Since this action involves more than one claim for relief and multiple parties, Judge Kincaid certified the order for an interlocutory appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. From Judge Kincaid's order, plaintiff appeals.

On appeal, plaintiff argues the trial court erred by (1) granting the Barnes defendants' motion for partial summary judgment; (2) granting the Barnes defendants' motion dismissing plaintiff's unfair and deceptive trade practices claim; and (3) awarding the Barnes defend-

ants attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 (2005). The Barnes defendants cross-assign as error the trial court's order granting plaintiff an extension of time to serve the proposed record on appeal to the Barnes defendants.

## I. The Barnes defendants' motion for partial summary judgment

[1] Plaintiff argues the trial court erred by granting the Barnes defendants' motion for partial summary judgment. Plaintiff contends the trial court applied the wrong legal standard for evaluating a summary judgment proceeding, and that the trial court failed to consider all evidence in the light most favorable to the non-moving party.

"We review a trial court's order for summary judgment de novo to determine whether there is a genuine issue of material fact and whether either party is entitled to judgment as a matter of law." *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (internal quotation marks omitted) (quotation and internal citation omitted).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law. On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (alteration in original) (internal quotation marks omitted) (quotation and citation omitted).

In the instant case, plaintiff argues that at the hearing on the partial summary judgment motion, she presented affidavits revealing contradictory evidence to show genuine issues of material fact existed. She contends that the trial court granted the Barnes defendants' motion based upon her complaint and not based on any evidence presented.

As a preliminary matter, we note that when referring to the unfair and deceptive practices claim under N.C. Gen. Stat. § 75-1.1 (2005), both plaintiff and defendant included the word "trade" in the com-

plaint and in the motion for summary judgment. In 1977, N.C. Gen. Stat. § 75-1.1 was revised. One of the statute's revisions deleted the term "trade" from the phrase "trade or commerce" in order to expand the coverage of the statute. *See Talbert v. Mauney*, 80 N.C. App. 477, 480, 343 S.E.2d 5, 8 (1986). The unfair and deceptive acts or practices statute states in relevant part:

> 75-1.1. Methods of competition, acts and practices regulated; legislative policy.
>
> (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.
>
> (b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

N.C. Gen. Stat. § 75-1.1 (2005).

Therefore, in order "to prevail on a cause of action for unfair and deceptive . . . practices, a plaintiff must show that the matter was in or affecting commerce." *MacFadden v. Louf*, 182 N.C. App. 745, 746, 643 S.E.2d 432, 433 (April 17, 2007) (No. COA06-647). Moreover, "private homeowners selling their private residences are not subject to unfair and deceptive practice liability." *Davis v. Sellers*, 115 N.C. App. 1, 7, 443 S.E.2d 879, 883 (1994). *See also Stolfo v. Kernodle*, 118 N.C. App. 580, 455 S.E.2d 869 (1995); *Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440 (1991); *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988); *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979). Thus, the North Carolina appellate courts created a "homeowner exception" to the unfair and deceptive acts or practices statute which exempts private homeowners selling their personal residence from the purview of the statute.

Here, plaintiff's complaint alleges: (1) that plaintiff and her daughter desired to move to North Carolina and (2) plaintiff returned to California and did not return to North Carolina until after the property closing. Therefore, the complaint reveals plaintiff sought to purchase a residence for personal and family purposes. Furthermore, regarding the unfair and deceptive practices claim, plaintiff's complaint alleges "[the Barnes defendants] sold the property in commerce in North Carolina." This statement alone does not sufficiently allege that the Barnes defendants engaged in a commercial land transaction. In addition, both plaintiff and the Barnes defendants submit-

ted affidavits. The Barnes defendants' affidavits stated that they have never been in the business of selling real property and the house in this action was their personal residence where they resided and raised their family.

Plaintiff submitted an affidavit stating that the Barnes defendants' house included an office. Plaintiff also presented correspondence from the Barnes defendants on the letterhead of a company called "CT Group." Judge Kincaid's response to the affidavits submitted by both plaintiff and the Barnes defendants that were included in the record was:

> Upon a review of the record in this matter and in particular the complaint filed by the plaintiff, nowhere is it alleged that the defendants Daniel and Katherine Barnes were anything other than private individuals selling their own residence. There is no allegation they were acting as an agency, enterprise, business or a commercial or industrial establishment. There is not even a hint of the same, nor is there any allegation that they were doing business as any of the same.

Therefore, Judge Kincaid considered both the record and the complaint in granting the Barnes defendants' motion.

[2] Plaintiff also argues that the court erred in granting the motion for partial summary judgment because the parties were not finished with discovery procedures. "Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, *which might lead to the production of evidence relevant to the motion,* are still pending and the party seeking discovery has not been dilatory in doing so." *Ussery v. Taylor,* 156 N.C. App. 684, 686, 577 S.E.2d 159, 161 (2003) (emphasis supplied) (quoting *Conover v. Newton and Allman v. Newton and In re Annexation Ordinance,* 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979)). However, this "rule presupposes that any information gleaned [from the discovery] will be useful." *Manhattan Life Ins. Co. v. Miller Machine Co.,* 60 N.C. App. 155, 159, 298 S.E.2d 190, 193 (1982).

In the instant case, the hearing for the partial summary motion was held on 13 December 2006. However, third-party defendants had been added and were not required to file responsive pleadings until 22 January 2007. Thus, at the time of the partial summary judgment hearing, the pleading and discovery period had not ended. However, plaintiff did not submit evidence to show any discovery gleaned from

the third-party defendants would provide any information that the Barnes defendants were engaged in a commercial sale that was "in or affecting commerce." N.C. Gen. Stat. § 75-1.1.

In conclusion, we hold Judge Kincaid did not err when he granted the Barnes defendants' motion for partial summary judgment regarding plaintiff's unfair and deceptive practices claim. Neither the complaint nor the affidavits allege any facts showing the Barnes defendants were engaged in a business or that this sale was a commercial land transaction that affected commerce. Furthermore, there is nothing presented to show any information gained by discovery from the newly added third-party defendants would show that the Barnes defendants were engaged in business and commerce for the unfair and deceptive practices statute to apply to them. Since we hold there is no unfair and deceptive practices claim against the Barnes defendants, we need not address plaintiff's remaining assignments of error regarding the unfair and deceptive practices claim in this appeal.

## II. Attorney's fees

[3] Plaintiff contends that the trial court erred in ordering plaintiff to pay the Barnes defendants' attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 (2005). An award of attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 is "within the sound discretion of the trial judge [and] . . . may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *Castle McCulloch, Inc. v. Freedman*, 169 N.C. App. 497, 504, 610 S.E.2d 416, 421-22 (2005) (citations omitted). N.C. Gen. Stat. § 75-16.1 states:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party . . . upon a finding by the presiding judge that:
>
> (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
>
> (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

Thus, N.C. Gen. Stat. § 75-16.1 has two standards that allows the trial court to assess attorney's fees to the opposing side, depend-

ing on which party is the prevailing party. The trial court, in its order awarding attorney's fees to the Barnes defendants, states in relevant part:

> It is therefore the judgment of the Court that the [Barnes] defendants' motion to dismiss the unfair and deceptive . . . practices claim against the Barnes is allowed.
>
> . . . The Court listened to the arguments of counsel and the evidence presented and following the same makes the following findings of fact:
>
> 1. The statute provides that the prevailer in an unfair and deceptive . . . practices may claim they recover attorney's fees provided, A, they in fact do prevail and, B, there was *an unwarranted refusal to settle*. This is a conjunctive requirement.
>
> . . . .
>
> Based upon the foregoing, the Court concludes as a matter of law as follows:
>
> 1. That Defendants Barnes have prevailed;
>
> 2. *That there was an unwarranted refusal to settle this matter*;
>
> 3. Defendants Barnes are entitled to attorney's fees and that the same as alleged is reasonable for one of the education and experience of Defendants Barnes' counsel.

In the instant case, the Barnes defendants' motion for partial summary judgment was granted, and they are the "prevailing party" under N.C. Gen. Stat. § 75-16.1. Since the plaintiff instituted the action against the Barnes defendants, N.C. Gen. Stat. § 75-16.1(2) is applicable to the motion for attorney's fees. However, the trial court's order finds "an unwarranted refusal" to fully resolve the case, a standard which applies only to cases falling under N.C. Gen. Stat. § 75-16.1(1). Therefore, the trial court erred in using the incorrect standard in its order awarding attorney's fees to the Barnes defendants.

The standard for awarding attorney's fees under N.C. Gen. Stat. § 75-16.1(2) is that the plaintiff "knew, or should have known, the action was frivolous and malicious." As the trial court instead applied the lower standard of an "unwarranted refusal" to resolve the case, we cannot determine if the trial court would have awarded attorney's fees if it had applied the correct standard of a knowing or reckless

"frivolous and malicious" institution of the Chapter 75 claim against the Barnes defendants. Therefore, we must remand this matter to the trial court for additional findings of fact and conclusions of law regarding the award of attorney's fees under N.C. Gen. Stat. § 75-16.1(2) and to determine if, in the trial court's discretion, the Barnes defendants are entitled to recovery of attorney's fees. We also note that as plaintiff has not raised any argument on this appeal as to the findings regarding the amount or reasonableness of the attorney fee award, on remand the trial court need not address any issues other than whether plaintiff "knew, or should have known, the action was frivolous and malicious."

### III. The cross-assignment of error

**[4]** Lastly we address the Barnes defendants' cross-assignment of error. The Barnes defendants argue the appeal should be dismissed because plaintiff failed to serve them the proposed record on appeal within the time required pursuant to N.C.R. App. P. 11 (2006).

Rule 10(d) of our Rules of Appellate Procedure provides that, "an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for supporting the *judgment, order, or other determination from which appeal has been taken.*" N.C.R. App. P. 10(d) (2006) (emphasis supplied).

Here, after the trial court entered its order granting the Barnes defendants' motion for partial summary judgment, plaintiff moved for extension of time to serve the proposed record on appeal. The trial court granted plaintiff's motion and extended the time for plaintiff to serve the proposed record to the Barnes defendants. The Barnes defendants' cross-assignment of error concerns the trial court's order granting plaintiff's separate motion for an extension of time to serve the proposed record on appeal. The Barnes defendants' cross-assignment of error does not address the order entered by the trial court from which plaintiff appeals. Therefore, the Barnes defendants' cross-assignment of error is not proper. This assignment of error is overruled.

In conclusion, the trial court's order granting partial summary judgment in favor of the Barnes defendants is affirmed, but we remand to the trial court for the sole purpose to determine the award of attorney's fees in accordance with the correct standard under N.C. Gen. Stat. § 75-16.1(2).

Affirmed in part; remanded in part with instructions.

Judges HUNTER and STROUD concur.