FREIDA BELVISO, Plaintiff
v.
SCOTT W. ROSENKE and wife, DOROTHY H. ROSENKE; TIMOTHY R. ARN; and HOME SPEC OF N.C., INC., Defendants
No. COA08-1107
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for Publication
Ward and Smith, P.A., by Eric J. Remington, for plaintiff-appellant.
C. Everett Thompson, II, for defendants-appellees Scott W. Rosenke and Dorothy H. Rosenke.
Teague & Glover, P.A., by Danny R. Glover, Jr., for defendant-appellees Timothy R. Arn and Home Spec of N.C., Inc.
CALABRIA, Judge.
Freida Belviso ("plaintiff") appeals orders (1) granting summary judgment and awarding costs to defendants Scott W. Rosenke ("Mr. Rosenke") and Dorothy H. Rosenke ("Mrs. Rosenke") (collectively "the Rosenkes"); and (2)(a) granting summary judgment to defendants Timothy Arn ("Arn") and Home Spec of N.C., Inc. ("Home Spec"), on the issues of unfair or deceptive practices; (b) denying summary judgment to Arn and Home Spec on the remaining issues; and (c) denying summary judgment to plaintiff regarding the enforceability of a written inspection contract. We affirm in part and reverse in part.

I. Facts
On 3 June 2005, plaintiff offered to purchase the Rosenkes' home ("the home"), 900 West Main Street, in Elizabeth City, North Carolina. One of the conditions of the contract was that the Rosenkes would rent the home from plaintiff until 31 December 2005. As part of the transaction, the Rosenkes completed a residential disclosure statement ("the disclosure statement"). The disclosure statement listed a number of questions for the Rosenkes to answer. They had three choices for their answers: Yes, No, or No Representation. The first question included an inquiry regarding the windows. The Rosenkes indicated that they knew of no problems with the home's windows. For question number six, regarding their knowledge of the condition of the home's heating system, they failed to make any notation.
Arn inspected the home on 8 July 2005. During his inspection, Arn asked Mrs. Rosenke about the upstairs heating system. She failed to disclose that several of the radiators had been disconnected and merely stated that the upstairs heating system worked. Additionally, Arn noted that some of the windows were "stuck" or had "broken counterbalances." After his inspection, Arn submitted a two page summary to plaintiff on 12 July 2005. Plaintiff was not provided the full inspection report until after the date of closing.
On 1 January 2006, plaintiff obtained possession of the home and hired several contractors. The contractors discovered: (1) disconnected radiators with capped pipes; (2) heating system pipes that were leaking and needed replacement; and (3) windows which were caulked shut. As a result of these problems, plaintiff incurred substantial costs to repair the home.
On 11 January 2007, plaintiff filed a complaint alleging fraud and seeking punitive damages against the Rosenkes and alleging unfair or deceptive practices, negligence, and negligent misrepresentation against Arn and Home Spec. All defendants moved for summary judgment and the trial court held a hearing on 3 March 2008. At the hearing, plaintiff made an oral motion for summary judgment regarding the enforceability of the home inspection contract between plaintiff and Arn. The trial court granted summary judgment in favor of the Rosenkes regarding the fraud claim and punitive damages, and awarded costs to the Rosenkes. The trial court also granted summary judgment in favor of Arn and Home Spec regarding the unfair or deceptive practices claim, but denied their motion regarding the negligence and negligent misrepresentation claim. The trial court denied plaintiff's oral motion for summary judgment. Plaintiff then voluntarily dismissed her remaining claims against Arn and Home Spec. On the remaining issues, plaintiff appeals.

II. Standard of Review
A trial court's ruling on a motion for summary judgment is reviewed de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).

III. Fraud
To survive summary judgment on a fraud claim, plaintiff must forecast sufficient evidence of the following elements: (1) [f]alse representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive; and (5) resulting in damage to the injured party. Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559, 569, 374 S.E.2d 385, 391 (1988). "Questions of fraudulent intent ordinarily go to the jury on circumstantial evidence, and summary judgment is usually inappropriate." Smith-Douglas v. Kornegay, First-Citizens Bank v. Kornegay, 70 N.C. App. 264, 266, 318 S.E.2d 895, 897 (1984).
Additionally, plaintiff's reliance on any misrepresentations must be reasonable. RD&J Props. v. Lauralea-Dilton Enters., LLC., 165 N.C. App. 737, 744, 600 S.E.2d 492, 498 (2004)(internal quotations and citations omitted). "The reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion." Forbis v. Neal, 361 N.C. 519, 527, 649 S.E.2d 382, 387 (2007).
With respect to the purchase of property, "[r]eliance is not reasonable if a plaintiff fails to make any independent investigation" unless the plaintiff can demonstrate: (1) "it was denied the opportunity to investigate the property"; (2) it "could not discover the truth about the property's condition by exercise of reasonable diligence"; or (3) "it was induced to forego additional investigation by the defendant's misrepresentations."
MacFadden v. Louf, 182 N.C. App. 745, 747-48, 643 S.E.2d 432, 434 (2007) (quoting RD&J Props. at 746, 600 S.E.2d at 499).

A. The Upstairs Heating System
Plaintiff argues the Rosenkes made a false statement or concealed a material fact when they told Arn that the heating system worked and when they failed to answer the question in the section regarding the heating system on the property disclosure statement. It is undisputed that four of the nine radiators in the upstairs portion of the home had been, at the Rosenkes' request, disconnected from their pipes, and the pipes capped. However, the remaining five radiators still functioned as intended. Plaintiff did not present or forecast any evidence that the remaining five radiators provided inadequate heat for the upstairs portion of the home. Therefore, plaintiff's evidence did not show that Mrs. Rosenke's statement to Arn that the upstairs heating system "worked" was false and a fraud claim based on that statement is unsustainable.
When the Rosenkes submitted the disclosure statement to plaintiff, there was no indication the Rosenkes knew of any problems, did not know of any problems, or made any representation as to the heating system. Plaintiff admitted that she noticed none of the boxes were checked regarding the home's heating system. Although the absence of any representation one way or the other about the heating system did make her, "curious about it," she also admitted she never bothered to make any further inquiry. "In an arm's-length transaction, when a purchaser of property has the opportunity to exercise reasonable diligence and fails to do so, the element of reasonable reliance is lacking and the purchaser has no action for fraud." RD&J Props. at 746, 600 S.E.2d at 499. Therefore, plaintiff's reliance was not reasonable unless the defects in the heating system could not be discovered by reasonable diligence. Id.
In the instant case, there is an issue of fact whether the defects regarding the heating system were discoverable by due diligence. Although plaintiff hired a home inspector, there was conflicting evidence presented as to whether the problems with the heating pipes were visible. Kenny Stallings, one of the contractors hired by plaintiff to repair the heating system, submitted an affidavit contending the "pipes in the crawl space leading to the radiators on the first floor were in extremely bad condition and needed to be replaced. In my opinion, the condition of the pipes was visible." Plaintiff testified at her deposition that the disconnected pipes were located beneath the floor and were not visible. Arn's affidavit states the "disconnects below the floor surface" fall outside the scope of his inspection. This conflicting evidence is best resolved by a jury. The trial court erred when it granted summary judgment to the Rosenkes on this issue.

B. The Windows
The Rosenkes affirmatively noted on their disclosure statement that there were no problems with the home's windows. Mr. Rosenke admitted during his deposition that when he completed the disclosure statement, he knew a number of the windows had been sealed shut. A genuine issue of material fact exists as to whether the Rosenkes' representation that there were no problems with the windows constitutes a misrepresentation of a material fact.
Arn's inspection report noted that several of the windows were "stuck." Thus, plaintiff was alerted to a problem with the windows, but not necessarily the extent of the problem. A genuine issue of material fact exists as to whether, as a result of the disclosure statement, plaintiff was "induced to forego additional investigation by the defendant's misrepresentations." MacFadden v. Louf, 182 N.C. App. 745, 748, 643 S.E.2d 432, 434 (2007). The trial court erred in granting summary judgment to the Rosenkes on this issue.

IV. Punitive Damages
Plaintiff argues that because the trial court erred in granting summary judgment for the Rosenkes on the fraud issue, the trial court also erred when it granted summary judgment on the punitive damages issue. Punitive damages may be awarded if a plaintiff proves the defendant is liable for compensatory damages and not only proves that fraud was present, but also that the fraud was related to the injury for which compensatory damages were awarded. N.C. Gen. Stat. § 1D-15(a) (2007). Therefore, because it was error to grant summary judgment on the fraud claim, it likewise was error to grant summary judgment on the punitive damages claim.

V. Costs
Plaintiff argues that the trial court erred when it awarded costs to the Rosenkes as the prevailing party in the action. Granting summary judgment to the Rosenkes was error because there are genuine issues of material fact to be determined by a jury on the fraud and punitive damages claims. Therefore, it is unknown at this time whether the Rosenkes are the prevailing party. The trial court's order awarding costs to the Rosenkes is reversed.

VI. Unfair or Deceptive Practices
Plaintiff argues that the trial court erred in granting summary judgment to Arn and Home Spec on the issue of unfair or deceptive practices. To establish a claim for unfair or deceptive practices, plaintiff must show that: (1) defendant engaged in an unfair or deceptive act or practice, (2) that is in or affects commerce, and (3) that is the proximate cause of plaintiff's actual injury. Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 71-72, 653 S.E.2d 393, 399 (2007). An act or practice is unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). An act or practice is deceptive if it "has the capacity or tendency to deceive." Id. at 548, 276 S.E.2d at 403. A mere breach of contract, even if intentional, is not an unfair or deceptive act under N.C. Gen. Stat. § 75-1.1 (2007). Mosley & Mosley Builders v. Landin Ltd., 97 N.C. App. 511, 518, 389 S.E.2d 576, 580 (1990). "[A] plaintiff must show substantial aggravating circumstances attending the breach to recover under the Act." Ace Chemical Corp. v. DSI Transports, Inc., 115 N.C. App. 237, 247, 446 S.E.2d 100, 106 (1994) (internal citations and quotations omitted).
Here, the unfair act alleged by plaintiff is Arn's failure to discover or note problems with the heating system and windows in the summary he provided to the plaintiff. It appears Arn's failure to discover problems with the heating system was based on his decision not to test the upstairs radiators. Arn stated that he made this decision due to the hot weather at the time of inspection, coupled with reliance on a previous inspection performed on the home a few years earlier where he tested the radiators and determined that they worked. He also relied on Mrs. Rosenke's statement that the heating system worked. With regard to the windows, Arn did note that many windows were stuck. Plaintiff's evidence was insufficient to show that Arn's conduct rose to the level of "egregious or aggravating circumstances" to support an unfair or deceptive practices claim. Dalton v. Camp, 353 N.C. 647, 658, 548 S.E.2d 704, 712 (2001) (citations omitted). The trial court properly granted Arn and Home Spec summary judgment on this issue.

VII. Enforceability of Inspection Contract
Plaintiff argues that the trial court erred in denying her oral motion for summary judgment regarding the enforceability of the inspection contract with Arn and Home Spec. It has been determined that the trial court properly granted summary judgment on the issue of unfair or deceptive practices. Since plaintiff voluntarily dismissed all other claims against Arn and Home Spec, the issue on appeal regarding whether the contract made between Arn and plaintiff is enforceable is moot. This assignment of error is dismissed.

VIII. Conclusion
The trial court's orders granting summary judgment and costs to the Rosenkes on the issues of fraud and punitive damages are reversed. The trial court's order granting summary judgment to Arn and Home Spec on the issue of unfair or deceptive practices is affirmed.
Affirmed in part and reversed in part.
Judges HUNTER, Robert C. and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).